IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRITA LP,<br><br>  Plaintiff,<br><br>v.<br><br>KAZ USA, INC. and HELEN OF TROY LIMITED,<br><br>  Defendants. | Civil Case No. 6:21-cv-1354<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Brita LP (hereafter, "Plaintiff" or "Brita"), by its attorneys, for its complaint against KAZ USA, Inc. ("KAZ") and Helen of Troy Limited (collectively, "Defendants"), allege as follows:

**NATURE OF THIS ACTION**

1. This is a civil action arising out of Defendants' patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 271 and 281-285.

**PARTIES**

2. Brita LP is an Ontario limited partnership organized under the laws of Canada with an office at Faubourg du Lac 11, 2000 Neuchatel, NE Switzerland. The Clorox Company is the ultimate parent of Brita LP. Brita manufactures, distributes, and sells water filtration products in the United States and Canada through its affiliates, including Brita Products Company and Clorox Sales Company.

1

3. On information and belief, KAZ is a corporation organized under the laws of the state of Massachusetts, with its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas 79912. On information and belief, KAZ is an affiliate of Helen of Troy Limited.

4. On information and belief, Helen of Troy Limited is incorporated in Bermuda with its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas 79912. On information and belief, Helen of Troy Limited is the ultimate corporate parent of KAZ

5. On information and belief, KAZ and Helen of Troy Limited acted in concert to commit the acts complained of herein. For example, KAZ manufactures, imports, and sells infringing water filtration products, including but not limited to the Pur Plus Pitcher Filter and Pur Plus Pitcher in various quantities and sizes, including at least the Pitcher Filter 1 pack, Pitcher Filter 3 pack, 7 Cup Pitchers, and 11 Cup Pitchers (collectively, the "Accused Products"). Defendants also promote, encourage, direct, and instruct potential customers to use the Accused Products in an infringing manner.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## KAZ USA, INC.

7. This Court has personal jurisdiction over KAZ because, among other things, KAZ is a corporation formed under the laws of the State of Massachusetts and is registered to do business in the State of Texas under Texas Taxpayer Number 32051832817. KAZ has thus consented to jurisdiction in Texas.

8. In addition, this Court has personal jurisdiction over KAZ because KAZ has committed an act of patent infringement under 35 U.S.C. § 271(a) and/or (c) and intends a future course of conduct that includes acts of patent infringement in Texas. These acts have led and will

lead to foreseeable harm and injury to Brita in Texas. For example, on information and belief, acting in concert with Helen of Troy Limited, KAZ imports, makes, uses, offers for sale, and sells its products in the United States and in this District, including but not limited to, the Accused Products.

9. This Court also has personal jurisdiction over KAZ because KAZ purposefully availed itself of the rights and benefits of Texas law by engaging in systematic and continuous contacts with Texas. On information and belief, KAZ regularly and continuously transacts business within Texas, including the importing, making, using, offering for sale or selling the Accused Products in Texas. On information and belief, KAZ continuously places its products into the stream of commerce, including the distribution and consumption in Texas and throughout the United States and Brita's cause of action for patent infringement arises from these actions. On information and belief, KAZ has derived, and will derive, substantial revenue from the sale of the Accused Products in Texas.

10. Venue is proper in this District under 28 U.S.C. § 1400 because, among other things, KAZ lists 1 Helen of Troy Plaza, El Paso, TX, 79912 as its regular and established place of business and the physical location of all corporate board members—including the president, treasurer, secretary, and all directors.

## HELEN OF TROY LIMITED

11. This Court has personal jurisdiction over Helen of Troy Limited because Helen of Troy Limited has committed an act of patent infringement under 35 U.S.C. § 271(a) and/or (c) and intends a future course of conduct that includes acts of patent infringement in Texas. These acts have led and will lead to foreseeable harm and injury to Brita in Texas. For example, on information and belief, acting in concert with KAZ, Helen of Troy Limited imports, makes, uses,

offers for sale, and sells its products in the United States and in this District, including but not limited to, the Accused Products.

12. This Court also has personal jurisdiction over Helen of Troy Limited because Helen of Troy Limited purposefully availed itself of the rights and benefits of Texas law by engaging in systematic and continuous contacts with Texas. On information and belief, Helen of Troy Limited regularly and continuously transacts business within Texas, including the maintenance and use of an established place of business at 1 Helen of Troy Plaza, El Paso, TX 79912, from which it conducts activities related to the importing, making, using, offering for sale or selling the Accused Products in Texas. On information and belief, Helen of Troy Limited continuously places its products into the stream of commerce, including the distribution and consumption in Texas and throughout the United States and Brita's cause of action for patent infringement arises from these actions. On information and belief, Helen of Troy Limited has derived, and will derive, substantial revenue from the sale of the Accused Products in Texas.

13. Venue is proper in this District under 28 U.S.C. § 1400 and 28 U.S.C. § 1391 because, among other things, Helen of Troy Limited is a foreign defendant and venue in this District is proper for all other defendants, and because Helen of Troy Limited maintains a regular and established place of business at 1 Helen of Troy Plaza, El Paso, TX, 79912.

### THE ASSERTED PATENT: U.S. PATENT NO. 8,167,141

14. U.S. Patent No. 8,167,141 (the "'141 patent") was issued by the United States Patent and Trademark Office on May 1, 2012 to co-inventors Elizabeth L. Knipmeyer, Toni L. Lynch, Roger P. Reid, and Bruce D. Saaski. Brita is the owner by assignment of the '141 patent. A true and correct copy of the '141 patent is attached as **Exhibit 1**.

15. On September 27, 2016, KAZ filed a petition for *inter partes* review (IPR) of the '141 patent at the U.S. Patent and Trademark Office. Petition, IPR No. 2016-01893. The petition

alleged eight separate grounds of invalidity under 35 U.S.C. § 102 and § 103. On March 31, 2017, the Patent Trial and Appeal Board "determine[d] that Petitioner has not established a reasonable likelihood of prevailing with respect to the unpatentability of claims 1–24 of the '141 patent" and denied institution as to all eight grounds. Decision Denying Institution of *Inter Partes* Review, IPR No. 2016-01893 at 2 (PTAB).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,167,141

16. Brita repeats and re-alleges paragraphs 1-15 as if fully set forth herein.

17. Defendant KAZ was aware of the '141 patent before the date of this Complaint, as it was the petitioner for *inter partes* review of the Asserted Patent on September 27, 2016 before the Patent Trial and Appeal Board. Defendant Helen of Troy Limited was identified as a real party in interest and the owner of KAZ in that petition for *inter partes* review. Therefore, Defendant Helen of Troy Limited was also aware of the '141 patent by no later than September 27, 2016.

18. Moreover, Defendants are aware of the '141 Patent at least from the date of this Complaint. Additionally, Brita's website has a "Patents" tab that lists the '141 patent among the patents that cover Brita's LongLast water filtration systems. That website is https://www.brita.com/patents/. Accordingly, Brita complies with the notice requirements of 35 U.S.C. § 287 for virtual marking. And, on information and belief, Defendants intend the Accused Products to compete with Brita's LongLast water filtration systems, and therefore knew or should have known that their manufacture and sale of the Accused Products potentially infringed the '141 patent. Therefore, Defendants have knowledge of the '141 patent and how their activities infringe on that patent.

19. Claim 1 of the '141 patent claims the following: "A gravity-fed water filter, comprising: filter media including at least activated carbon and a lead scavenger; wherein the filter

5

achieves a Filter Rate and Performance ("FRAP") factor of about 350 or less according to the following formula:

$$FRAP = \frac{[V * f * c_e]}{[L * 2]}$$

where: $V$=volume of the filter media (cm³), $f$=average filtration unit time over lifetime L (min/liter), $c_e$=effluent lead concentration at end of lifetime L when source water having a pH of 8.5 contains 90-120 ppb (µg/liter) soluble lead and 30-60 ppb (µg/liter) colloidal lead greater than 0.1 µm in diameter, and $L$=filter usage lifetime claimed by a manufacturer or seller of the filter (gallons)."

20. The Accused Products include but are not limited to the Pur Plus Pitcher Filters and Pur containers sold with such filters. The Pur Plus Pitcher Filters fit within the container and remove contaminants from water. Defendants advertise that the Pur Plus Pitcher Filters are certified to reduce lead.



**Pur Plus Filter**

21. The Pur containers sold with the Pur Plus Pitcher Filters include at least the 7 Cup Pitchers and 11 Cup Pitchers.

 

**Pur Plus Containers Sold with Pur Plus Pitcher Filters**

22. To use the Pur Plus water filtration systems, water is poured into an upper source water reservoir of the container, is fed by gravity through the filter, and is collected in a lower filtered water reservoir of the container. As the water flows through the filter, contaminants (including lead) are removed.

23. On information and belief, the filter media of the Accused Products include activated carbon and a lead scavenger.

24. On information and belief, the filters of the Accused Products achieve a FRAP factor, as defined in the '141 patent, of about 350 or less.

25. Accordingly, Defendants directly infringe at least claim 1 of the '141 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling within the United States or importing into the United States the Accused Products, including but not limited to the Pur Plus Pitcher Filters and containers sold with these filters.

26. As set forth above, KAZ previously filed an IPR petition challenging the validity of the '141 patent; the Patent Trial and Appeal Board denied institution of that petition on March 31, 2017. On information and belief, Defendants first brought to market the Accused Products after their failed IPR challenge to the '141 patent. Accordingly, because Defendants brought to market the Accused Products despite a significant known risk that their conduct would infringe the '141 patent, they willfully infringed the '141 patent within the meaning of 35 U.S.C. § 284. Similarly, Defendants' knowledge of their infringing conduct and of the validity of the '141 patent make this case exceptional within the meaning of 35 U.S.C. § 285.

27. On information and belief, Defendants have continued to infringe after acquiring knowledge of the patent and their infringement, and thereby have willfully infringed. Defendants sell and continue to sell water filters and containers used with these water filters that directly infringe claims of the '141 patent directed to gravity-fed water filters and to systems including both a container and a gravity-fed water filter. In addition, Defendants' water filters directly infringe claims of the '141 patent directed to water filters.

28. On information and belief, Defendants contribute to the infringement, literally or under the doctrine of equivalents, of the Asserted Claims of the '141 patent under 35 U.S.C. § 271(c) by their importation, sale for importation, and sale in the United States after importation of the Accused Products. Defendants actively encourage, promote, distribute, provide instruction for, and support the use of the Accused Products and its components with the knowledge and intention that their customers will combine components to create and use water filtration systems in such a manner that constitutes direct infringement of the '141 patent. Defendants are aware that their imported components are designed for use in infringing water filter systems, embody a material part of the invention claimed in the '141 patent, and are not staple articles of commerce

suitable for non-infringing use. On information and belief, the Accused Products and their components have no substantial non-infringing use. Defendants' making, using, offering to sell, and sales of the Accused Products are continuing. Thus, Defendants contribute to the infringement of the '141 patent.

29. But for the Defendants' infringing conduct in selling the Accused Products, the Brita product would have made the sales that were made by Defendants. Further, while at least one affiliate of Brita is involved in the sale of the Brita product, those profits inexorably flow to Brita through its corporate ownership structure.

30. Defendants' conduct has caused and will continue to cause irreparable harm to Brita. For example, on information and belief, Defendants' marketing of the lead reduction features claimed in the '141 patent drive consumer demand for the Accused Products and are a causal nexus of price erosion, lost profits, and loss of market share for Brita.

## PRAYER FOR RELIEF

WHEREFORE, Brita requests entry of judgment against Defendants as follows:

A.  A judgment that Defendants have infringed one or more claims of the Asserted Patent in violation of 35 U.S.C. § 271(a) and (c);

B.  An order permanently enjoining Defendants, their officers, directors, employees, agents, and all persons acting in concert with them, for infringing the Asserted Patent;

C.  An award of damages for infringement of the Asserted Patent, with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

D.  A judgment that Defendants have willfully infringed one or more claims of the Asserted Patent;

E.     A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Brita's reasonable attorneys' fees;

F.     An award of pre- and post-judgment interest of any monetary damages at the highest rate allowed by law;

G.     An award of Brita's costs and expenses in this action; and

H.     For such other relief as the Court may deem just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a jury trial of any issues triable of right by a jury.

Dated: December 23, 2021

*Of Counsel:*

Paul A. Ainsworth
Uma Everett
Kyle E. Conklin
Josephine Kim
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-2600

Respectfully submitted,

By: */s/ John Jackson*
John M. Jackson
jjackson@jw.com
Texas State Bar No. 24002340
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6109

ATTORNEYS FOR PLAINTIFF BRITA LP